IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-5-D

| | | |
|---|---|---|
| LORENZO RAMOS HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NUBIA AVILA MONTES, and | ) | |
| FREDY LEONEL BARRIOS, | ) | |
| | ) | |
| Respondents. | ) | |

On January 10, 2018, petitioner, Lorenzo Ramos Hernandez ("Father" or "petitioner"), filed an ex parte expedited motion for a temporary restraining order ("TRO") under Article 7(b) of the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011. See [D.E. 6]. Father requests that the court:

     1. Issue an order prohibiting Nubia Avila Montes ("Mother") and Fredy Leonel Barrios ("Barrios") or any others acting on their behalf or at their direction from removing his son, N.R.A. (the "Child"), from this jurisdiction pending resolution of this action;

     2. Issue an order taking into safekeeping all of the Child's travel documents, including his Mexican and American passports; and

     3. Issue an expedited Rule to Show Cause ordering the appearance of Mother, Barrios, and the Child on the first available date on the court's calendar so that the court may combine the preliminary injunction hearing and the hearing on the merits, holding any final hearing on the merits of the Verified Expedited Petition as soon as possible, as required by the Convention.

See id.

As explained below, the court grants Father's motion and schedules the preliminary injunction hearing for Monday, January 22, 2018, at 2:00 p.m., in courtroom one of the Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina.

I.

The Hague Convention protects "children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." Maxwell v. Maxwell, 588 F.3d 245, 250 (4th Cir. 2009). The Hague Convention seeks to preserve the status quo by returning children to their home countries for further proceedings. See Miller v. Miller, 240 F.3d 392, 398 (4th Cir. 2001). Thus, the underlying custody case is not at issue under the Hague Convention. Rather, the treaty requires a child to be returned home for any custody proceedings. See id. at 398.

To accomplish the goal of maintaining the status quo, the court may take steps "to prevent future harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures." Hague Convention, art. 7(b); see 22 U.S.C. § 9004(a) (allowing preventative measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."). Article 7(b) of the Hague Convention and 22 U.S.C. § 9004 permit courts to take provisional measures to ensure that abducted children are not removed from their jurisdiction during the litigation. See, e.g., Salguero v. Argueta, No. 5:17-CV-125-FL, 2017 WL 1067758, at *2 (E.D.N.C. Mar. 21, 2017) (unpublished); Smith v. Smith, No. 116-CV-264-MOC-DLH, 2016 WL 4154938, at *3 (W.D.N.C. Aug. 4, 2016) (unpublished); Velasquez v. Velasquez, No. 1:14CV1688 (JCC/TRJ), 2014 WL 7272934, at *1 (E.D. Va. Dec. 15, 2014) (unpublished); Alcala v. Hernandez, No. 4:14-CV-4176-RBH, 2014 WL 5506739, at *1 (D.S.C. Oct. 30, 2014) (unpublished).

Based on Father's allegations and the record, relief without notice to Mother or Barrios is necessary to avoid immediate and irreparable injury, loss, and damage. As required by Rule 65(b)(1)(B), Father's counsel has properly certified to the court the reasons why notice should not

2

be required. See [D.E. 6-2] 2–3. Thus, the elements of Rule 65(b)(1)(B) are met. See Fed. R. Civ. P. 65(b)(1)(B).

"A plaintiff seeking preliminary injunctive relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see The Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355, 356 (4th Cir. 2010) (per curiam). After examining these factors, the court finds that the requested TRO is authorized and necessary in this case.

First, the court finds that allowing the Mother to flee with the Child would result in irreparable harm. See Alcala, 2014 WL 5506739, at *6. Second, the court finds that any threatened harm to Mother and Barrios is minimal as compared to the probability of irreparable harm to Father and the Child. As explained in Father's memorandum in support of the motion, Father is not seeking a permanent custody order from this court. See [D.E. 7] 10. Moreover, because the court cannot make a custody determination, the court finds that Mother cannot lose any custody rights from the TRO. See Abbot v. Abbot, 560 U.S. 1, 20 (2010) ("Ordering a return remedy does not alter the existing allocation of custody rights, but does allow the courts of the home country to decide what is in the child's best interests. It is the Convention's premise that courts in contracting states will make this determination in a responsible manner." (citations omitted)).

Third, the court finds that Father has demonstrated that he is likely to succeed on the merits. Father's evidence shows that (1) the Child's habitual residence was Mexico immediately before the wrongful retention; (2) Father has "rights of custody" under Mexican law; and (3) Father was exercising his rights of custody and would have continued doing so but for Mother's wrongful

3

retention of the Child in the United States. See [D.E. 7] 11–15. Fourth, the public interest supports issuing the TRO. See Salguero v. Argueta, No. 5:17-CV-125-FL, 2017 WL 1067758, at *2 (E.D.N.C. Mar. 21, 2017) (unpublished) ("Finally, a TRO serves the public interest. Since international abduction [and] wrongful retention of [a] child[] is harmful to [his or her] well-being,' a TRO in this case will serve the public interest by protecting the child's well-being." (quotation omitted) (alterations in original)); Alcala v. Hernandez, No. 4:14-CV-4176-RBH, 2014 WL 5506739, at *7 (D.S.C. Oct. 30, 2014) (unpublished).

The court declines to require bond. A bond is not mandatory and can be waived. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 n.3 (4th Cir. 1999); Pashby v. Delia, 709 F.3d 307, 332 (4th Cir. 2013). Father is merely seeking a temporary order prohibiting Mother and Barrios from removing the Child from the jurisdiction, requiring Mother and Barrios to relinquish the Child's travel documents to the custody of the court, and requiring an expedited hearing. Father is not seeking a permanent custody order or to permanently limit Mother or Barrios's ability to travel. Thus, the court declines to require Father to post a bond.

II.

In sum, the court GRANTS Father's Ex Parte Expedited Motion for Temporary Restraining Order [D.E. 6] and ORDERS:

(a) Nubia Avila Montes a/k/a Nubia Montes Avila and Fredy Leonel Barrios—or any other acting on their behalf—are PROHIBITED from removing the Child, N.R.A., from the Eastern District of North Carolina pending the preliminary injunction hearing;

(b) A preliminary injunction hearing to determine whether this TRO will be converted to a preliminary injunction under Rule 65 is scheduled for 2:00 p.m. on Monday, January 22, 2018, in courtroom one of the Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North

4

Carolina, before the Honorable James C. Dever III, Chief United States District Judge for the Eastern District of North Carolina.

(c) Nubia Avila Montes a/k/a Nubia Montes Avila and Fredy Leonel Barrios SHALL appear with the Child, N.R.A. at this hearing to show cause why they should not be prohibited from removing the Child from the jurisdiction until this litigation is concluded.

(d) The United States Marshal shall serve Nubia Avila Montes a/k/a Nubia Montes Avila and Fredy Leonel Barrios with process by personally delivering a copy of the Summons, Verified Expedited Petition, and this TRO to them. Father's counsel SHALL provide the United States Marshal with a hard-copy of these documents to complete service of process.

(e) Nubia Avila Montes a/k/a Nubia Montes Avila and Fredy Leonel Barrios shall relinquish the Child's travel documents, including his Mexican and American passports, to the United States Marshal upon service of process (or as soon as practical thereafter if those documents are secured in a lock box or location other than her residence). Thereafter, the United States Marshal shall deliver the travel documents to the Clerk of Court for safekeeping until further order of this court.

SO ORDERED. This 11 day of January 2018.

4:40 p.m.

JAMES C. DEVER III
Chief United States District Judge

5